UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION



United States of America
**Plaintiff(Respondent)**

vs.

Jared S. Fogle
**Defendant(Petitioner)**

~~Crimi. Case: 1:15-cr-00159-TWP~~
Case No: 1:18-CV-00571-TWP-MPB

**Constitutional challenge to § 2255(f)(1-4)**

**COMES** now, Petitioner **FOGLE**, does hereby enter before this court, the following Challenge as to the Constitutionality of § 2255(f)(1-4);

HISTORY

This court, lacking in Authority, did on 2/28/2018 activate a case on the civil docket (instant case); this court, lacks in Congressional authority to activate such a case, due to the un-availability of the Remedy, pursuant to § 2252(f)(1-4), which limited **FOGLE** to access this relief, no later then the (1) year statute of limitations within the legislation. Since it has been over (1) year since **FOGLE** had his case deemed "final", then once again, this Court refuses to Yield to the Constitution, and the body of law as written by Congress.

In otherwords, this court, decided on its own freewill, to extend an "olive branch" to **FOGLE**, of which Congress specifically states in the body of § 2252(f) is in fact, NOT available. **FOGLE** approached this court, on his Criminal case, with Congresssionally authorized Article III powers, for the court to exercise and to Withdraw **FOGLES** unconstituitional plea on a "conspiracy" and "travel for the purpose of" charge(s). This court, refused to recognize the authority of § 1651 USCS Title 28, "All writs act" (specifically Coram Nobis relief); instead this court, "exercised discretion" not available to it, and construed the valid, congressionally afforded

remedy of error, afforded to **FOGLE** under § 1651 of Title 28, as a "2255" motion. Due to such miscarriage of Justice, this court has not only denied **FOGLE** of his available remedy in law, yet has in fact exposed **FOGLE** to "no remedy" available in law by way of the jurisdicitonal barr, associated with § 2255(f)(1-4); under Predicate offenses in RICO law, this is a clear and obvious "obstruction of justice".

## CONSTITUTIONAL CHALLENGE

**Accordingly,** since the court has refused to apply the law to the letter, as written, the statute section (f) is clearly showing signs on its face, as being "unconstitional"; specifically, when a party is denied access to "habeas corpus" relief, yet is to be requesting "habeas corpus" relief, and do so, first to the sentencing court, yet the statute holds a "time limitation", then the statute at large, is clearly violating Article 1, Sec. 9, Cl. 2, in toto:

> "**The privelege of the writ of habeas corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it.**"

Therefor, FOGLE pursuant to the Rule 5.1 of Civil Procedure, does hereby enter this challenge for the records; further, according to Rule 5.1(b) the court **must** notify the Attorney General of this Constitutional Challenge;

> "**the court must, under 28 U.S.C. § 2403, certify the appropriate Attorney General that a statute has been questioned.**"

further, FOGLE has executed his required directives and also notified the Attorney General, by way of Certified mail                as is required, pursuant to Rule 5.1(a)(2).

Submitted this 15th day of March 2018,

*[signature]*
Jared S. Fogle
**Pro Se**
9595 W. Quincy Ave.
Littleton, CO 80123