UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JARED S. FOGLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00571-TWP-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Constitutional Challenge and Directing Further Proceedings**

This matter is before the Court on Petitioner Jared Fogle's ("Fogle") filing titled Constitutional Challenge to § 2255 (f)(1-4). Dkt. 6. On February 26, 2018, the Court directed the Clerk to treat Fogle's Motion to Withdraw Plea of Guilty as Fogle's Motion for Relief Pursuant to 28 U.S.C. § 2255. Dkt. 1. The Court thereafter provided notice to Fogle, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), so that he could be afforded the opportunity to withdraw or amend the motion to include all § 2255 claims which he believes he has. Dkt. 3. Fogle was given notice that he has until April 6, 2018, to either supplement or withdraw his § 2255 motion.

## I.    Constitutional Challenge

In an attempt to "curb delays [and] to prevent 'retrials' on federal habeas," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). AEDPA establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). That period runs from:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

> > if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On March 19, 2018, Fogle filed a "Constitutional Challenge to § 2255(f)(1-4)." He asserts that § 2255(f) is unconstitutional because it denies a party habeas corpus relief by setting time limitations. He asserts the Court was without authority in converting his motion to withdraw plea to a motion for relief under § 2255 because it has been over a year since his case was deemed "final." As argued, Fogle only implicates § 2255(1). He could have argued that a § 2255 motion was timely under §2255(f)(2)-(4), but does not attempt to argue his motion is otherwise timely under § 2255(f) or under a theory of equitable tolling.

The Court rejects Fogle's attempt to characterize the AEDPA one-year filing limitation as unconstitutional. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (finding that limitations imposed by AEDPA were an illustration of the principle that "the power to award the writ by any of the courts of the United States, must be given by written law"). The AEDPA one-year filing limitation does not, as Fogle argues, act to suspend a petitioner's right to file a writ of habeas corpus. Rather it imposes a congressionally-intended limitation in order to further the well-established goal of finality in criminal convictions. *See United States v. Timmreck*, 441 U.S. 780, 784 (1979) (noting that concern with finality of conviction for purposes of limiting collateral attack has special force with respect to convictions based on guilty pleas); *Mackey v. United States*, 401 U.S. 667, 690 (1971) ("Finality in the criminal law is an end which must always be kept in plain view."). Moreover, Fogle has had ample time to file a motion under § 2255 and does not argue that there

were any impediments to doing so. *See David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) (explaining that AEDPA's one-year statute of limitations "is not even arguably unconstitutional" as applied to petitioner who "had ample time … in which to bring his claim within the statutory deadline"). Finally, where a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), a petitioner may bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

Because the Court does not determine that any portion of § 2255 is unconstitutional, the Court will not certify the question as otherwise required by Rule 5.1(b) and 28 U.S.C. § 2403. The U.S. Attorney General can suffer no prejudice by the Court's determination that § 2255(f) is constitutional. *See Dynamics Corp. of Am. v. CTS Corp.*, 794 F.2d 250, 260 (7th Cir. 1986), *rev'd on other grounds*, 481 U.S. 69 (1987) (applying a prejudice analysis to a district court's failure to certify a constitutional challenge to state statute and determining that where the state statute was not found by appellate courts to be unconstitutional, the failure to certify was "not momentous").

## II.     Further Proceedings

The Court further construes the "constitutional challenge" filing to be a motion to withdraw his § 2255 motion. **The Clerk is directed to modify** dkt. 6 on the docket to be a "motion to withdraw § 2255 motion." Because Fogle was given until April 6, 2018 to, either supplement or withdraw his § 2255 motion, the Court will not issue an order on the motion to withdraw § 2255

motion or issue judgment in this action at this time. To ensure that Petitioner has sufficient time to consider these matters, Fogle **shall have until April 13, 2018**, in which to either withdraw his "motion to withdraw his § 2255 motion" or to supplement his § 2255 motion. If he agrees that he Court will then grant what has been docketed as his "motion to withdraw § 2255 motion" (Dkt. 6), and dismiss this action.

**IT IS SO ORDERED.**

Date:   3/28/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JARED S. FOGLE
12919-028
ENGLEWOOD - FCI
ENGLEWOOD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
9595 WEST QUINCY AVENUE
LITTLETON, CO 80123